# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| AMANDA SPENCER | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-1536-S |
| | § | |
| SPECIALIZED LOAN SERVICING LLC | § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Specialized Loan Servicing LLC's Motion for Summary Judgment ("Motion") [ECF No. 18]. Defendant's Motion is **DENIED**.[1]

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Plaintiff's Complaint alleges a single cause of action for violation of the Fair Credit Reporting Act under 15 U.S.C. § 1681s-2(b). Under this section, if a credit reporting agency ("CRA") "notifies a furnisher of credit information . . . that a consumer disputes the reported information, the furnisher must 'review all relevant information provided by the [CRA],' 'conduct an investigation,' 'report the results of the investigation,' and 'modify . . . delete . . . or . . .

---

[1] The Court has reviewed Plaintiff's evidentiary objections, *see* ECF No. 22 ("Response") at 2, regarding the Automated Credit Dispute Verification forms, and Defendant's objections, *see* ECF No. 25 ("Reply") at 6-8, to the Declaration of Amanda Spencer and exhibits thereto. The Court overrules the parties' respective objections.

permanently block the reporting of [inaccurate or incomplete] information.'" *Jett v. Am. Home Mortg. Servicing, Inc.*, 614 F. App'x 711, 713 (5th Cir. 2015) (quoting 15 U.S.C. § 1681s-2(b)(1)(A)-(E)); *see also Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp. 2d 786, 805 (N.D. Tex. 2014) ("To recover against a furnisher for violations of § 1681s–2(b), a plaintiff must show that: (1) he disputed the accuracy or completeness of information with a consumer reporting agency; (2) the agency notified the furnisher of the consumer's dispute; (3) and the furnisher failed to conduct an investigation, correct any inaccuracies, or notify the agency of the results of the investigation."). The FCRA creates a private cause of action to enforce this section against any individual who negligently or willfully fails to comply with any requirement imposed under Section 1681s-2(b). *See Jett*, 614 F. App'x at 713 (citing *Smith v. Santander Consumer USA, Inc.*, 703 F.3d 316, 317 (5th Cir. 2012) (per curiam); *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002); 15 U.S.C. § 1681n(a)).

Here, neither party disputes that Defendant is a "furnisher" under the FCRA. It is also uncontested that Plaintiff disputed the completeness of and inaccuracies on her credit reports to several CRAs, which then notified Defendant of Plaintiff's disputes. *See* ECF No. 19 ("Mot.") at 9. But, the parties disagree on whether, as a matter of law, Defendant has shown that it has satisfied its obligations under § 1681s-2(b) in responding to Plaintiff's disputes such that there remains "no genuine dispute as to any material fact" in that regard. Fed. R. Civ. P. 56(a). The Court finds that Defendant has not met its burden to make such a showing.

In support of its Motion, Defendant filed eleven Automated Credit Dispute Verification ("ACDV") forms, which purportedly prove that Defendant indicated to the various CRAs that Plaintiff's account remained "open" and "current." *See* Mot. at 9-10. But Defendant submitted no evidence, by way of a declaration or otherwise, explaining how such forms should be

interpreted and understood.[2] Instead, Defendant asserts in conclusory fashion that Defendant sufficiently indicated that Plaintiff's account was "open" and "current" by way of certain fields on the forms being entered or omitted. *See, e.g.*, Mot. at 9-10, nn. 32-51 (suggesting that having "no date listed in Date Closed box" affirmatively indicated to the CRAs that "Plaintiff's account was **open**," and that "put[ting] code 11" in the "Account Status box" indicated that the account was "**current**." (emphasis in original)). Even if the Court were to take Defendant's unsworn assertions as true, several unaddressed discrepancies in the ACDV forms appear to undermine Defendant's position. *See, e.g.*, ECF No. 20 at 3-6 (noting "71" in Account Status box, instead of code "11"). Moreover, Defendant has not established as a matter of law that its omission of certain fields affirmatively indicated to the CRAs that those fields were inapplicable. For example, Defendant has not explained how leaving the "Date Closed" field blank on the ACDV forms sufficiently indicated to the CRAs that Plaintiff's account was still "open"—especially when Defendant admits that it had to correct the very same inaccuracies "each time it completed an ACDV form." Mot. at 11; *see also Jett*, 614 F. App'x at 713-14 (finding a genuine issue of material fact as to whether a furnisher acted negligently in violation of § 1681s-2(b) where the furnisher "tried to correct the information" but returned a "blank" field, causing the CRA not to process any updates).

Because genuine issues of material fact remain, such that a reasonable jury might return a verdict in Plaintiff's favor, *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986), Defendant's Motion is **DENIED**.

---

[2] Defendant's Declaration in Support of Motion for Summary Judgment, ECF No. 26 at 25-27, does not explain how to interpret the underlying ACDV forms but merely authenticates them as true or correct copies of the original ACDV forms. Moreover, Defendant's explanatory block quote regarding ACDV forms from an entirely different case, *see* Reply at 10, has no evidentiary value here.

**SO ORDERED.**

SIGNED December 21, 2020.

KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE