**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **AMANDA SPENCER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action Number: 3:19-CV-01536-S** |
| **SPECIALIZED LOAN SERVICING LLC,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

---

**DEFENDANT SPECIALIZED LOAN SERVICING LLC'S
AMENDED PROPOSED JURY INSTRUCTIONS AND QUESTIONS**

---

Pursuant to Fed. R. Civ. P. 51 and the Court's *Scheduling Order* [Doc. 14], Defendant Specialized Loan Servicing LLC ("*SLS*") submits the following proposed jury instructions and questions. The proposed jury instructions and questions are based on the parties' claims and defenses as reflected in the pleadings and as may be qualified or narrowed by discovery answers. The submission of SLS's requested instructions and questions should not be construed as an admission that the issues contained therein should in fact be submitted to the jury and should not be construed as a waiver of any motion in limine, motion for instructed verdict, or motion for directed verdict on any of the issues.

SLS reserves the right to amend its requested instructions and questions, withdraw one or more requested instructions or questions, and request additional instructions and questions, depending on the facts to which the parties stipulate before trial, the matters actually tried to the jury, and the evidence actually adduced at trial.

The footnotes and bracketed text in the heading of each question and throughout are provided for convenient reference and are not intended be included in the Court's charge given to the jury. The proposed "General Instructions" are intended to be included in the Charge to the Jury among the Court's opening instructions and instructions after the close of evidence.

**DEFENDANT'S PROPOSED GENERAL INSTRUCTION NO. 1**
(JURY CHARGE)

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish be- tween the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admit- ted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

SOURCE: Fifth Circuit Pattern Jury Instructions § 3.1.

TA 58227.7

**DEFENDANT'S PROPOSED GENERAL INSTRUCTION NO. 2**
(Bias—Corporate Party Involved)

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

SOURCE: Fifth Circuit Pattern Jury Instructions § 2.16.

**DEFENDANT'S PROPOSED GENERAL INSTRUCTION NO. 3**
(Burden of Proof: Preponderance of The Evidence)

Plaintiff has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

SOURCE: Fifth Circuit Pattern Jury Instructions § 3.2.

**DEFENDANT'S PROPOSED GENERAL INSTRUCTION NO. 4**
(Evidence)

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

SOURCE: Fifth Circuit Pattern Jury Instructions § 3.3.

TA 58227.7

**DEFENDANT'S PROPOSED GENERAL INSTRUCTION NO. 5**
(Stipulations of Fact)

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

SOURCE: Fifth Circuit Pattern Jury Instructions § 2.3.

TA 58227.7

## DEFENDANT'S PROPOSED GENERAL INSTRUCTION NO. 6
### (Witnesses)

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

SOURCE: Fifth Circuit Pattern Jury Instructions § 3.4.

**DEFENDANT'S PROPOSED GENERAL INSTRUCTION NO. 7**
(No Inference from Filing Suit)

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

SOURCE: Fifth Circuit Pattern Jury Instructions § 3.6.

**DEFENDANT'S PROPOSED GENERAL INSTRUCTION NO. 8**
(Consider Damages Only If Necessary)

If Plaintiff has proved her claim against Defendant by a preponderance of the evidence, you must determine the damages to which Plaintiff is entitled. You should not interpret the fact that I am giving instructions about Plaintiff's damages as an indication in any way that I believe that Plaintiff should, or should not, win this case. It is your task first to decide whether Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant is liable and that Plaintiff is entitled to recover money from Defendant.

SOURCE: Fifth Circuit Pattern Jury Instructions § 15.1.

TA 58227.7

### DEFENDANT'S PROPOSED GENERAL INSTRUCTION NO. 9
(Compensatory Damages)

If you find that Defendant is liable to Plaintiff, then you must determine an amount that is fair compensation for all of Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff whole—that is, to compensate Plaintiff for the damage that she has suffered. Compensatory damages are not limited to expenses that Plaintiff may have incurred because of her injury. If Plaintiff wins, she is entitled to compensatory damages for the for humiliation, mental distress, and injury to reputation and creditworthiness that she has suffered because of Defendant's wrongful conduct.

You may award compensatory damages only for injuries that Plaintiff proves were proximately caused by Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendant. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff has actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

SOURCE: Fifth Circuit Pattern Jury Instructions § 15.2.

## DEFENDANT'S PROPOSED GENERAL INSTRUCTION NO. 10
### (Mitigation of Damages)

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate her damages, that is, to avoid or to minimize those damages.

If you find Defendant is liable and Plaintiff has suffered damages, Plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find that Defendant proved by a preponderance of the evidence Plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny her recovery for those damages that he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether Plaintiff acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, she is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. Defendant has the burden of proving the damages that Plaintiff could have mitigated. In deciding whether to reduce Plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether Defendant has satisfied his burden of proving that Plaintiff's conduct was not reasonable.

SOURCE: Fifth Circuit Pattern Jury Instructions § 15.5.

**DEFENDANT'S REQUESTED INSTRUCTION NO. 1**
(Defendant Not Automatically Liable)

The Fair Credit Reporting Act does not require perfect consumer credit reports. The law recognizes that total accuracy in consumer credit reports is not a realistic objective. The mere fact that Defendant may have furnished an inaccurate consumer credit report regarding Plaintiff is not, in and of itself, sufficient for you to find that Defendant negligently or willfully violated the Fair Credit Reporting Act. Defendant may not be held liable under the Fair Credit Reporting Act unless it is established that an inaccurate consumer credit report was prepared because the Defendant negligently or willfully failed to follow reasonable procedures in preparing that report.

In other words, Defendant is not required to produce consumer credit reports free of mistakes. Defendant is only required to follow reasonable procedures to assure the maximum possible accuracy of the information contained in the consumer credit reports regarding Plaintiff that Defendant provided to others.

AUTHORITY: *Thompson v. San Antonio Retail Merchants Ass'n*, 682 F.2d 509, 513 (5th Cir. 1982); *Equifax Inc. v. Federal Trade Comm'n*, 678 F.2d 1047, 1049 (11th Cir. 1982); *Whelan v. Trans Union Credit Reporting Agency*, 862 F. Supp. 824, 829 (E.D.N.Y. 1994); *Watson v. Credit Bureau, Inc. of Georgia*, 600 F. Supp. 48, 50 (S.D. Miss. 1986); *Cahlin v. General Motors Accept. Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991).

TA 58227.7

**DEFENDANT'S REQUESTED INSTRUCTION NO. 2**
(Negligence Defined)

You are to use this definition of negligence in your determination.

The term "negligence," as used in these instructions, means the failure to do something which a reasonably prudent person would do, or means to do something which a reasonably prudent person would not do under the circumstances which you find existed in this case. It is for you to decide what a reasonably prudent person would or would not do under the circumstances. In other words, the standard for evaluating the reasonableness of any investigation by Defendant is what a reasonably prudent person would do under the circumstances.

AUTHORITY: *Thompson v. San Antonio Retail Merchants Ass'n*, 682 F.2d 509, 513 (5th Cir. 1982); *Equifax Inc. v. Federal Trade Comm'n*, 678 F.2d 1047, 1049 (11th Cir. 1982); *Bruce v. First U.S.A. Bank, Nat. Ass'n*, 103 F. Supp. 2d 1135, 1143 (E.D. Mo. 2000).

## DEFENDANT'S REQUESTED INSTRUCTION NO. 3
(Willfulness Defined)

You are to use this definition of willful in your determination.

The term "willful" means that Defendant knowingly and intentionally committed an act in conscious disregard of the rights of others. To act willfully, the Defendant must commit the act that violates the Fair Credit Reporting Act with knowledge that he is committing the act and with the intent to do so, and he must also be conscious that his act impinges on the rights of others. In other words, willful noncompliance requires knowing and intentional commission of an act that Defendant knows to violate the law.

AUTHORITY: *Pinner v. Schmidt*, 805 F.2d 1258, 1263 (5th Cir. 1986); *Cousin v. Trans Union Corp.*, 246 F.3d 359, 372 (5th Cir.2001); *Morris v. Trans Union LLC*, 420 F. Supp. 2d 733, 740 (S.D. Tex. 2006), *aff'd*, 224 F. App'x 415 (5th Cir. 2007).

**DEFENDANT'S REQUESTED INSTRUCTION NO. 4**
(Timing and Nature of Defendant's Duties)

Defendant's duty to investigate under the Fair Credit Reporting Act did not arise until Defendant received notice of a consumer dispute from one or more credit reporting agencies. In determining whether Defendant conducted a reasonable investigation under the Fair Credit Reporting Act, you cannot hold Defendant liable for any allegedly wrongful acts committed prior to receiving notice of Plaintiff's dispute from a credit reporting agency like Trans Union and Experian.

In this case, Defendant did not receive notice of a consumer dispute by Plaintiff from Experian until October 25, 2018. Accordingly, you cannot hold Defendant liable for any alleged noncompliance with the Fair Credit Reporting Act occurring prior to October 25, 2018. Instead, you must determine whether Defendants conduct occurring on or after October 25, 2018, in response to the notice of Plaintiff's dispute to Trans Union and Experian constituted negligent or willful noncompliance with the Fair Credit Reporting Act.

Further, in judging whether Defendant negligently or willfully violated the Fair Credit Reporting Act, you must only determine whether Defendant failed to conduct a reasonable investigation under the Fair Credit Reporting Act. You are not to determine whether Defendant, as a furnisher of information, provided inaccurate information to a consumer reporting agency such as Trans Union and Experian. The duty of furnishers of information to provide accurate information to consumer reporting agencies in the first instance is not at issue in this case and should not be considered by you as part of your deliberations.

AUTHORITY: Fair Credit Reporting Act, 15 U.S.C. §§ 1681s-2(b)(1); *Jett v. Am. Home Mortg. Servicing, Inc.*, 614 F. App'x 711, 713 (5th Cir. 2015).

## DEFENDANT'S REQUESTED INSTRUCTION NO. 5
(Proximate Cause)

You may award damages only for injuries that Plaintiff proves were proximately caused by Defendant's allegedly wrongful conduct. The two elements of proximate cause are cause-in-fact and foreseeability. Cause in fact means that the omission or act involved was a substantial factor in bringing about the injury and without which no harm would have occurred. Foreseeability requires that the actor, as a person of ordinary intelligence, would have anticipated the danger that his negligent act created for others

AUTHORITY: *Benjamin v. Arco Oil & Gas Co.*, 19 F.3d 15 (5th Cir. 1994); *City of Gladewater v. Pike*, 727 S.W.2d 514 (Tex.1987); *Iraheta v. Equifax Info. Servs.*, LLC, No. 5:17-CV-1363, 2018 WL 3770295, at *3 (W.D. La. Jan. 10, 2018)

**DEFENDANT'S REQUESTED INSTRUCTION NO. 6**
(Violation of § 1681s-2(b) of the Fair Credit Reporting Act)

You may find that Defendant violated Section 1681s-2(b) of the Fair Credit Reporting Act only if Plaintiff has proven by a preponderance of the evidence that:

a. Defendant received a notice of consumer dispute from a consumer reporting agency (such as Trans Union or Experian) regarding the accuracy of credit information Defendant supplied to the credit reporting agency regarding Plaintiff; and

b. Defendant **negligently or willfully** failed to:

    a. conduct an investigation with respect to the disputed information;

    b. review all relevant information provided by the consumer reporting agency;

    c. report the results of the investigation to the consumer reporting agency;

    d. if the investigation found that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

    e. if an item of information disputed by Plaintiff was found to be inaccurate or incomplete or cannot be verified after any reinvestigation, for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly-

        i. modify that item of information;

        ii. delete that item of information; or

        iii. permanently block the reporting of that item of information.

AUTHORITY: Fair Credit Reporting Act, 15 U.S.C. §§ 1681s-2(b)(1); *Jett v. Am. Home Mortg. Servicing, Inc.*, 614 F. App'x 711, 713 (5th Cir. 2015).

### DEFENDANT'S REQUESTED INSTRUCTION NO. 7
(Damages from Negligent Noncompliance)

If you find that Plaintiff did not prove that Defendant violated the FCRA by a preponderance of the evidence, you should find in favor of Defendant.  However, if you find that Defendant did violate the FCRA, you should next consider the amount of money that reasonably, fairly, and adequately compensates Plaintiff.

Plaintiff has alleged that, as a result of Defendant's actions, she suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.  You must decide which, if any, of these items of damage has been proved by Plaintiff based upon evidence and not upon speculation, guessing, or conjecture.  Denial of or delay in granting credit does not constitute damage in and of itself under the law.  Damages for emotional distress or mental anguish will not be presumed to have occurred.  Plaintiff must prove that they occurred.

Plaintiff must prove that any damages incurred were caused by the acts or omissions of Defendant that were not in compliance with the FCRA.  Even if you find that Plaintiff was damaged, if you find that the damage was not the result of Defendant's noncompliance with the FCRA, you must find for the Defendant. Specifically, if you find that Defendant's actions or inactions were not a substantial factor in bringing about the denial of Plaintiff's credit opportunity as opposed to other factors related to Plaintiff's credit history, you must find for Defendant.

AUTHORITY: 15 U.S. Code § 1681n; *Miller v. Raytheon Co.*, 716 F.3d 138, 147 (5th Cir. 2013) (compensatory damages for emotional harm, including mental anguish, will not be presumed; the award of damages must be supported by specific evidence of the nature and extent of the harm).

### DEFENDANT'S REQUESTED INSTRUCTION NO. 8
(Damages from Willful Noncompliance)

Damages recoverable for willful noncompliance with the FCRA are of two kinds.  First are the damages actually suffered by reason of the wrong complained of, and second, punitive damages, which means damages over and above the actual damages, if any, suffered by Plaintiff. Punitive damages may be awarded for the purpose of making an example of and punishing Defendant for the wrong done and to serve as an example to others not to engage in such conduct.

If you find from a preponderance of the evidence that Plaintiff is entitled to actual damages, you will award Plaintiff a verdict for the amount of actual damages proven by Plaintiff. Your award will not include any punitive damages or Plaintiff's attorney's fees.  The law requires that the amount of any punitive damages award must be determined by the judge.

AUTHORITY: 15 U.S. Code § 1681n.

**DEFENDANT'S REQUESTED INSTRUCTION NO. 9**
(Damages Determined by Court)

If you find from a preponderance of the evidence that Plaintiff is entitled to actual damages, and you further find that the acts or omissions of Defendant that proximately caused the actual injury or damage to Plaintiff were willfully done, then the judge may add to the award of actual damages such amount as the judge determines to be proper as punitive damages.  Punitive damages should be awarded only if you first unanimously award Plaintiff a verdict for actual damages.  The law requires that the amount of any punitive damages award must be fixed with calm discretion and sound reason and must be either awarded, or fixed in amount, because of any sympathy or bias, or prejudice with respect to any party to the case. Likewise, if you find from a preponderance of the evidence that Plaintiff is entitled to actual damages, then the judge may add to the award of actual damages such amount as the judge determines to be reasonable and necessary for Plaintiff's attorney's fees.

AUTHORITY: 15 U.S. Code § 1681n.

## DEFENDANT'S REQUESTED QUESTION NO. 1
### (Violation of § 1681s-2(b) of the Fair Credit Reporting Act)

With respect to § 1681s-2(b) of the Fair Credit Reporting Act, Specialized Loan Servicing LLC **did not** violate § 1681s-2(b) unless Plaintiff has proven by a preponderance of the evidence that:

a.  Defendant received a notice of consumer dispute from a consumer reporting agency (such as Trans Union or Experian) regarding the accuracy of credit information Defendant supplied to the credit reporting agency regarding Plaintiff; and

b.  Defendant failed to:

   a.  conduct an investigation with respect to the disputed information;

   b.  review all relevant information provided by the consumer reporting agency;

   c.  report the results of the investigation to the consumer reporting agency;

   d.  if the investigation found that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

   e.  if an item of information disputed by Plaintiff was found to be inaccurate or incomplete or cannot be verified after any reinvestigation, for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly-

      i.  modify that item of information;

      ii.  delete that item of information; or

      iii.  permanently block the reporting of that item of information:

Did Specialized Loan Servicing LLC violate the Fair Credit Reporting Act § 1681s-2(b)?

Answer "Yes" or "No" below:

a.  Yes _____

b.  No _____

If you answered yes, was Specialized Loan Servicing LLC's violation of the Fair Credit Reporting Act § 1681s-2(b) a negligent violation?

Answer "Yes" or "No" below:

    a.  Yes _____

    b.  No _____

If you answered yes, was Specialized Loan Servicing LLC's violation of the Fair Credit Reporting Act § 1681s-2(b) a willful violation?

Answer "Yes" or "No" below:

    c.  Yes _____

    d.  No _____

TA 58227.7

### DEFENDANT'S REQUESTED QUESTION NO. 2
(Negligence)

If your answer to Question No. 2 is "Yes," state the amount of damages actually suffered by the Plaintiff that Plaintiff proved were proximately caused by Defendant's allegedly violation of the FCRA?

$_____

## DEFENDANT'S REQUESTED QUESTION NO. 3
### (Negligence)

If your answer to Question No. 2 is "Yes," did the negligence, if any, of those named below proximately cause the injury in question?

Answer "Yes" or "No" for each of the following:

a. Plaintiff _____

b. Defendant _____

c. Trans Union _____

d. Experian _____

**DEFENDANT'S REQUESTED QUESTION NO. 4**
(Proportionate Responsibility)

If your answer to Question No. 2 is "Yes" for more than one of those named below, then answer the following question with respect to those parties. Otherwise, do not answer the following question.

Assign percentages of responsibility only to those you found caused or contributed to cause the injury in question. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to any one is not necessarily measured by the number of acts or omissions found.

For each person you found in your answer to Question No. 10 caused or contributed to cause the injury in question, find the percentage of responsibility attributable to each:

a. Plaintiff _____

b. Defendant _____

c. Trans Union _____

d. Experian _____

**TOTAL**        100%

### DEFENDANT'S REQUESTED QUESTION NO. 5
(Failure to Join an Indispensable Party)

Trans Union is an indispensable party if the court cannot award complete relief among the parties currently in the lawsuit in Trans Union's absence.

Was Trans Union an indispensable party to this case?

Answer "Yes" or "No" as to whether Trans Union is an indispensable party to this case:

a.      Yes _____

b.      No _____

Trans Union is an indispensable party if Trans Union has an interest relating to the subject of this lawsuit and disposing of the action in Trans Union's absence may leave Specialized Loan Servicing LLC subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

Was Trans Union an indispensable party to this case?

Answer "Yes" or "No" as to whether Trans Union is an indispensable party to this case:

a.      Yes _____

b.      No _____

**DEFENDANT'S REQUESTED QUESTION NO. 6**
(Mitigation of Damages)

Could Plaintiff have used reasonable diligence to mitigate her damages, that is, to avoid or to minimize those damages?

      a.      Yes _____

      b.      No _____

Respectfully submitted,

By: */s/ Jacob Sparks*
    **Jacob Sparks**
    Texas Bar No. 24066126
    Email: JSparks@SpencerFane.com
    **Shelby Wilson**
    Texas Bar No. 24106581
    Email: SWilson@SpencerFane.com

**SPENCER FANE LLP**

5700 Granite Parkway, Suite 650
Plano, Texas 75024
Tel:   (214) 750-3610
Fax:   (214) 750-3612

**ATTORNEYS FOR SPECIALIZED LOAN SERVICING LLC**

## CERTIFICATE OF SERVICE

I certify that on July 6, 2021, I electronically filed the foregoing with the Clerk of Court

using the CM/ECF system which will send notification of such filing to the following:

Sharon K. Campbell
Law Office of Sharon K. Campbell
3500 Oak Lawn Ave, Suite 205
Dallas, Texas 75219
Tel: 214-351-3260
Fax: 214-443-6055
Email: sharon@sharonkcampbell.com

              By: */s/ Jacob Sparks*
                   Jacob Sparks