IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMANDA SPENCER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Civil Action Number: 3:19-CV-01536-S |
| | § | |
| SPECIALIZED LOAN SERVICING LLC | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT SPECIALIZED LOAN SERVICING LLC'S OBJECTIONS TO PLAITNIFF'S PROPOSED JURY INSTRUCTIONS**

COMES NOW Specialized Loan Servicing LLC ("*SLS*"), without waiving any further objection to be raised on record at trial, and hereby objects to Plaintiff Amanda Spencer's ("*Plaintiff*") Proposed Jury Instructions. In support thereof, SLS respectfully submits the following:

**OBJECTIONS**

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2**

SLS objects to Plaintiff's proposed jury instruction number 2. The instruction is superfluous and provides no guidance to the jury about the instant case. Moreover, it is misleading and convoluted. The instruction begins by providing "[w]ith specific reference to his case, Congress amended the Fair Credit Reporting Act . . . ." indicating some connection between this case and the decisions of Congress. Moreover, the statement is not provided for in the statute cited—15 U.S.C. § 1681b. The instruction should be excised in its entirety.

**PLAINTIFF'S REQUESTED INSTRUCTION NO. 3**

SLS objects to Plaintiff's proposed jury instruction number 3. The instruction is unclear and mischaracterizes the facts and law. As drafted, the instruction presumes SLS inaccurately reported the mortgage account and that Plaintiff "complained" to credit bureaus. In addition, the instruction implies that the credit bureaus notified SLS of the "complaint" and that SLS confirmed its reporting. Moreover, the instruction provides no temporal guidance to the jury.

Finally, the instruction improperly shifts the burden to SLS "to show it conducted an adequate investigation." This Court should use SLS's Requested Instruction Number 4, which more precisely and accurately states the standard of SLS duties.

**SLS'S REQUESTED INSTRUCTION**
(Timing and Nature of Defendant's Duties)

Defendant's duty to investigate under the Fair Credit Reporting Act did not arise until Defendant received notice of a consumer dispute from one or more credit reporting agencies. In determining whether Defendant conducted a reasonable investigation under the Fair Credit Reporting Act, you cannot hold Defendant liable for any allegedly wrongful acts committed prior to receiving notice of Plaintiff's dispute from a credit reporting agency like Trans Union and Experian.

In this case, Defendant did not receive notice of a consumer dispute by Plaintiff from Experian until October 25, 2018. Accordingly, you cannot hold Defendant liable for any alleged noncompliance with the Fair Credit Reporting Act occurring prior to October 25, 2018. Instead, you must determine whether Defendants conduct occurring on or after October 25, 2018, in response to the notice of Plaintiff's dispute to Trans Union and Experian constituted negligent or willful noncompliance with the Fair Credit Reporting Act.

Further, in judging whether Defendant negligently or willfully violated the Fair Credit Reporting Act, you must only determine whether Defendant failed to conduct a reasonable investigation under the Fair Credit Reporting Act. You are not to determine whether Defendant, as a furnisher of information, provided inaccurate information to a consumer reporting agency such as Trans Union and Experian. The duty of furnishers of information to provide accurate information to

consumer reporting agencies in the first instance is not at issue in this case and should not be considered by you as part of your deliberations In judging whether Defendant negligently or willfully violated the Fair Credit Reporting Act, you must only determine whether Defendant failed to conduct a reasonable investigation under the Fair Credit Reporting Act. You are not to determine whether Defendant, as a furnisher of information, provided inaccurate information to a consumer reporting agency such as Trans Union and Experian. The duty of furnishers of information to provide accurate information to consumer reporting agencies in the first instance is not at issue in this case and should not be considered by you as part of your deliberations.

### Plaintiff's Requested Instruction No. 4

SLS objects to Plaintiff's proposed jury instruction number 4.  Facts can be established conclusively by either party, not just Plaintiff.  The instruction also improperly deviates from the Fifth Circuit Pattern Jury Instructions § 2.3, which this Court should use instead.

**SLS'S REQUESTED INSTRUCTION**
(Stipulations of Fact)

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

### Plaintiff's Requested Instruction No. 5

SLS objects to Plaintiff's proposed jury instruction number 5.  The instruction cites to certain subsections of FCRA, but is in incomplete recitation of the both sections.  SLS's Requested Instruction No. 6, by contrast, provides a complete picture of the standard to be applied to the allegations against SLS under § 1681s-2(b) under FCRA.

**SLS'S REQUESTED INSTRUCTION**
(Violation of § 1681s-2(b) of the Fair Credit Reporting Act)

You may find that Defendant violated Section 1681s-2(b) of the Fair Credit Reporting Act only if Plaintiff has proven by a preponderance of the evidence that:

   a. Defendant received a notice of consumer dispute from a consumer reporting agency (such as Trans Union or Experian) regarding the accuracy of credit information Defendant supplied to the credit reporting agency regarding Plaintiff; and

   b. Defendant **negligently or willfully** failed to:

      a. conduct an investigation with respect to the disputed information;

      b. review all relevant information provided by the consumer reporting agency;

      c. report the results of the investigation to the consumer reporting agency;

      d. if the investigation found that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

      e. if an item of information disputed by Plaintiff was found to be inaccurate or incomplete or cannot be verified after any reinvestigation, for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly-

         i. modify that item of information;

         ii. delete that item of information; or

         iii. permanently block the reporting of that item of information.

## PLAINTIFF'S REQUESTED INSTRUCTION NO. 6

SLS objects to Plaintiff's proposed jury instruction number 6. The instruction is incomplete and misleading. The instruction omits Plaintiff's requirement to prove compensatory damages. *See Miller v. Raytheon Co.*, 716 F.3d 138, 147 (5th Cir. 2013) (compensatory damages for emotional harm, including mental anguish, will not be presumed; the award of damages must be supported by specific evidence of the nature and extent of the harm). The instruction fails to

provide any instruction that damages must occur as a result of SLS's noncompliance with the FCRA.

### SLS's Requested Instruction
(Damages from Negligent Noncompliance)

If you find that Plaintiff did not prove that Defendant violated the FCRA by a preponderance of the evidence, you should find in favor of Defendant.  However, if you find that Defendant did violate the FCRA, you should next consider the amount of money that reasonably, fairly, and adequately compensates Plaintiff.

Plaintiff has alleged that, as a result of Defendant's actions, she suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.  You must decide which, if any, of these items of damage has been proved by Plaintiff based upon evidence and not upon speculation, guessing, or conjecture.  Denial of or delay in granting credit does not constitute damage in and of itself under the law.  Damages for emotional distress or mental anguish will not be presumed to have occurred.  Plaintiff must prove that they occurred.

Plaintiff must prove that any damages incurred were caused by the acts or omissions of Defendant that were not in compliance with the FCRA.  Even if you find that Plaintiff was damaged, if you find that the damage was not the result of Defendant's noncompliance with the FCRA, you must find for the Defendant. Specifically, if you find that Defendant's actions or inactions were not a substantial factor in bringing about the denial of Plaintiff's credit opportunity as opposed to other factors related to Plaintiff's credit history, you must find for Defendant.

## **PLAINTIFF'S REQUESTED INSTRUCTION NO. 7**

SLS objects to Plaintiff's proposed jury instruction number 7. The instruction inaccurately defines causation.  In addition, the instruction does not distinguish between actual and punitive damages, both of which are potentially at issue in this case.  The correct summation of causation is contained in SLS's Requested Instruction No. 5.

### SLS's Requested Instruction
(Proximate Cause)

You may award damages only for injuries that Plaintiff proves were proximately caused by Defendant's allegedly wrongful conduct. The two elements of proximate cause are cause-in-fact and foreseeability. Cause in fact means that the omission or act involved was a substantial factor in bringing about the injury and without which

no harm would have occurred. Foreseeability requires that the actor, as a person of ordinary intelligence, would have anticipated the danger that his negligent act created for others.

### PLAINTIFF'S REQUESTED INSTRUCTION NO. 9

SLS objects to Plaintiff's proposed jury instruction number 9. The instruction is incomplete and inaccurate. There are two kinds of recovery for willful noncompliance, both actual and punitive damages. 15 U.S. Code § 1681n. Moreover, the instruction omits that the Court will award the amount of punitive damages. *See id.* This Court should use SLS's Requested Instruction No. 8.

### SLS'S REQUESTED INSTRUCTION
(Damages from Willful Noncompliance)

Damages recoverable for willful noncompliance with the FCRA are of two kinds. First are the damages actually suffered by reason of the wrong complained of, and second, punitive damages, which means damages over and above the actual damages, if any, suffered by Plaintiff. Punitive damages may be awarded for the purpose of making an example of and punishing Defendant for the wrong done and to serve as an example to others not to engage in such conduct.

If you find from a preponderance of the evidence that Plaintiff is entitled to actual damages, you will award Plaintiff a verdict for the amount of actual damages proven by Plaintiff. Your award will not include any punitive damages or Plaintiff's attorney's fees. The law requires that the amount of any punitive damages award must be determined by the judge.

### PLAINTIFF'S REQUESTED INSTRUCTION NO. 10

SLS objects to Plaintiff's proposed jury instruction number 10, as it mischaracterizes Defendant's duty to a conduct a reasonable investigation. Defendant's investigation duties are clearly defined under 15 U.S.C. §§ 1681s-2(b)(1) and SLS's Requested Instruction No. 6. Accordingly, SLS incorporates its objection to Plaintiff's Requested Instruction No. 5.

## PLAINTIFF'S REQUESTED INSTRUCTION NO. 12

SLS objects to Plaintiff's proposed jury instruction number 12, as it misstates the standard of a reasonable investigation. In essence, the instruction states that any investigation which does not correct inaccurate credit reporting is by definition inadequate and a violation of FCRA. In other words, the instruction provides that FCRA is a strict liability statute, which it is not. Defendant's investigation duties are clearly defined under 15 U.S.C. §§ 1681s-2(b)(1) and SLS's Requested Instruction No. 6. Accordingly, SLS incorporates its objection to Plaintiff's Requested Instruction No. 5.

SLS is not required to produce consumer credit reports free of mistakes. *See Thompson v. San Antonio Retail Merchants Ass'n*, 682 F.2d 509, 513 (5th Cir. 1982); *Equifax Inc. v. Federal Trade Comm'n*, 678 F.2d 1047, 1049 (11th Cir. 1982); *Whelan v. Trans Union Credit Reporting Agency*, 862 F. Supp. 824, 829 (E.D.N.Y. 1994); *Watson v. Credit Bureau, Inc. of Georgia*, 600 F. Supp. 48, 50 (S.D. Miss. 1986); *Cahlin v. General Motors Accept. Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991).

**SLS'S REQUESTED INSTRUCTION**
(Defendant Not Automatically Liable)

The Fair Credit Reporting Act does not require perfect consumer credit reports. The law recognizes that total accuracy in consumer credit reports is not a realistic objective. The mere fact that Defendant may have furnished an inaccurate consumer credit report regarding Plaintiff is not, in and of itself, sufficient for you to find that Defendant negligently or willfully violated the Fair Credit Reporting Act. Defendant may not be held liable under the Fair Credit Reporting Act unless it is established that an inaccurate consumer credit report was prepared because the Defendant negligently or willfully failed to follow reasonable procedures in preparing that report.

In other words, Defendant is not required to produce consumer credit reports free of mistakes. Defendant is only required to follow reasonable procedures to assure the maximum possible accuracy of the information contained in the consumer credit reports regarding Plaintiff that Defendant provided to others.

## PLAINTIFF'S REQUESTED INSTRUCTION NO. 14

SLS objects to Plaintiff's proposed jury instruction number 14. The instruction is superfluous, slanted and deviates from the Fifth Circuit Pattern Jury Instructions § 15.2. Moreover the instructions mischaracterize the law by providing "[a] person may recover for emotional distress based on her own subjective testimony about her feelings. She does not have to introduce medical or other testimony." Plaintiff's feelings must be shown by admissible evidence, which may include Plaintiff's testimony. Moreover, the instructions do not address that speculative damages are not recoverable, as provided in the Fifth Circuit Pattern Jury Instructions § 15.2. This Court should adopt SLS's Proposed General Instruction No. 9, which tracks Fifth Circuit Pattern Jury Instructions § 15.2.

### SLS's Requested Instruction
(Compensatory Damages)

If you find that Defendant is liable to Plaintiff, then you must determine an amount that is fair compensation for all of Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff whole—that is, to compensate Plaintiff for the damage that she has suffered. Compensatory damages are not limited to expenses that Plaintiff may have incurred because of her injury. If Plaintiff wins, she is entitled to compensatory damages for the for humiliation, mental distress, and injury to reputation and creditworthiness that she has suffered because of Defendant's wrongful conduct.

You may award compensatory damages only for injuries that Plaintiff proves were proximately caused by Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendant. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff has actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

**PLAINTIFF'S REQUESTED INSTRUCTION NO. 15**

SLS objects to Plaintiff's proposed jury instruction number 15. SLS incorporates its objections to Requested Instructions 10 and 12.

**PLAINTIFF'S REQUESTED INSTRUCTION NO. 16**

SLS objects to Plaintiff's proposed jury instruction number 16. This instruction omits certain elements, including proximate cause of Plaintiff's damages. *See* Fifth Circuit Pattern Jury Instructions §§ 4.6, 15.2; *Benjamin v. Arco Oil & Gas Co.*, 19 F.3d 15 (5th Cir. 1994). This Court should use SLS's Requested Instruction No. 8.

**SLS's Requested Instruction**
(Damages from Willful Noncompliance)

Damages recoverable for willful noncompliance with the FCRA are of two kinds. First are the damages actually suffered by reason of the wrong complained of, and second, punitive damages, which means damages over and above the actual damages, if any, suffered by Plaintiff. Punitive damages may be awarded for the purpose of making an example of and punishing Defendant for the wrong done and to serve as an example to others not to engage in such conduct.

If you find from a preponderance of the evidence that Plaintiff is entitled to actual damages, you will award Plaintiff a verdict for the amount of actual damages proven by Plaintiff. Your award will not include any punitive damages or Plaintiff's attorney's fees. The law requires that the amount of any punitive damages award must be determined by the judge.

**PLAINTIFF'S REQUESTED INSTRUCTION NO. 17**

SLS objects to Plaintiff's proposed jury instruction number 17. The instruction is an inaccurate expansion of the definition of willfulness, which is accurately defined in SLS's Requested Instruction No. 3. *See Pinner v. Schmidt*, 805 F.2d 1258, 1263 (5th Cir. 1986); *Cousin v. Trans Union Corp.*, 246 F.3d 359, 372 (5th Cir.2001); *Morris v. Trans Union LLC*, 420 F. Supp. 2d 733, 740 (S.D. Tex. 2006), aff'd, 224 F. App'x 415 (5th Cir. 2007).

**DEFENDANT'S REQUESTED INSTRUCTION**
(Willfulness Defined)

You are to use this definition of willful in your determination.

The term "willful" means that Defendant knowingly and intentionally committed an act in conscious disregard of the rights of others. To act willfully, the Defendant must commit the act that violates the Fair Credit Reporting Act with knowledge that he is committing the act and with the intent to do so, and he must also be conscious that his act impinges on the rights of others. In other words, willful noncompliance requires knowing and intentional commission of an act that Defendant knows to violate the law.

## PLAINTIFF'S REQUESTED INSTRUCTION NO. 18

SLS objects to Plaintiff's proposed jury instruction number 18.  The law requires that the amount of any punitive damages award must be determined by the judge.  15 U.S. Code § 1681n.  Moreover, the instruction improperly deviates from Fifth Circuit Pattern Jury Instructions § 48.  SLS's Requested Instruction No. 9 provides a better instruction.

**SLS'S REQUESTED INSTRUCTION**
(Damages Determined by Court)

If you find from a preponderance of the evidence that Plaintiff is entitled to actual damages, and you further find that the acts or omissions of Defendant that proximately caused the actual injury or damage to Plaintiff were willfully done, then the judge may add to the award of actual damages such amount as the judge determines to be proper as punitive damages.  Punitive damages should be awarded only if you first unanimously award Plaintiff a verdict for actual damages.  The law requires that the amount of any punitive damages award must be fixed with calm discretion and sound reason and must be either awarded, or fixed in amount, because of any sympathy or bias, or prejudice with respect to any party to the case.  Likewise, if you find from a preponderance of the evidence that Plaintiff is entitled to actual damages, then the judge may add to the award of actual damages such amount as the judge determines to be reasonable and necessary for Plaintiff's attorney's fees.

## PLAINTIFF'S REQUESTED INSTRUCTION NO. 20

SLS objects to Plaintiff's proposed jury instruction number 20.  SLS incorporates its objection to Plaintiff's requested Instruction No. 18.

**PLAINTIFF'S REQUESTED INSTRUCTION NO. 21**

      SLS objects to Plaintiff's proposed jury instruction number 21.  SLS incorporates its objections to Plaintiff's Requested Instruction 18.

      Respectfully submitted,

By: */s/ Jacob Sparks*
    Jacob Sparks
    Texas Bar No. 24066126
    Shelby Wilson
    Texas Bar No. 24106581

**SPENCER FANE LLP**

5700 Granite Parkway, Suite 650
Plano, Texas 75024
Tel:   (214) 750-3624
Fax:   (214) 750-3612
Email:  JSparks@SpencerFane.com
Email:  SWilson@SpencerFane.com

**ATTORNEYS FOR SPECIALIZED LOAN SERVICING LLC**

## CERTIFICATE OF SERVICE

I certify that on July 12, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Sharon K. Campbell
Law Office of Sharon K. Campbell
3500 Oak Lawn Ave, Suite 205
Dallas, Texas 75219
Tel: 214-351-3260
Fax: 214-443-6055
Email: sharon@sharonkcampbell.com

By: */s/ Jacob Sparks*
Jacob Sparks